USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/04/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

LASCHAWN BATCHELOR,

                      Plaintiff,

        -against-

NANCY A. BERRYHILL, Acting Commissioner
of the Social Security Administration,

                     Defendant.

-----------------------------------------------------------------X

**OPINION AND ORDER**

**18-CV-1424 (KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      Plaintiff Laschawn Batchelor ("Plaintiff"), who is represented by counsel, commenced this action against Defendant Commissioner of the Social Security Administration (the "Commissioner"), pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 405(g), seeking review of the Commissioner's decision that Plaintiff was not disabled under section 1614(a)(3)(A) of the Act from January 16, 2014, the date her application was filed, through the date of the decision.

      The parties submitted a joint stipulation, in lieu of cross-motions for judgment on the pleadings (Doc. No. 16-1), pursuant to this Court's Order at Doc. No. 12. For the reasons set forth below, the Commissioner's motion is DENIED and Plaintiff's motion is GRANTED insofar as it requests remand for further proceedings.

**BACKGROUND**

*I.  Summary of Claim and Procedural History*

Plaintiff, who is 50 years of age, has held various jobs since her divorce in 2004. (Administrative Record ("R.") 62-64.) She worked as a security officer and subsequently as a home health aide. (*Id.*) Plaintiff has two adult sons. (R. 377.) On November 7, 2012, while working as a home health aide, Plaintiff slipped while helping a patient down the stairs. (R. 117, 454.) She sustained a number of injuries as a result of her fall, including to her back and her right knee. (R. 454.) On January 16, 2014, Plaintiff filed an application for supplemental security income ("SSI"), alleging disability due to issues with her back, neck, right knee and hip, and thyroid, as well as asthma, allergies, glaucoma, and hypertension. (R. 111-12.) The Court assumes knowledge of and does not repeat here all of the stipulated facts concerning Plaintiff's medical treatment. (*See* Doc. No. 16-1.)

On June 5, 2014, the Social Security Administration denied Plaintiff's claim. (R. 110.) On March 10, 2016, a hearing took place before Administrative Law Judge ("ALJ") Michael J. Stacchini. (R. 53-77.) The ALJ denied Plaintiff's application by written decision dated January 25, 2017. (R. 23-35.) The Appeals Council denied Plaintiff's request for review of ALJ Stacchini's decision on December 19, 2017. (R. 1-4.)

*II.  The Commissioner's Decision*

ALJ Stacchini determined that Plaintiff had not engaged in substantial gainful activity since January 16, 2014, the date on which her SSI application was filed. (R. 25.) The ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar and cervical spine; a tear of the right labrum; internal derangement, a meniscal tear,

2

and chondromalacia of the right knee; impingement and a sprain of the left ankle; obesity; asthma; diabetes; dysfunctional tear syndrome; tibial tendinitis/mild tenosynovitis of the right foot; a partial tear of the right shoulder's supraspinatus tendon; and insomnia. (*Id.*) However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). (R. 26.) The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform less than the full range of sedentary work. Specifically, the ALJ determined that, in an eight-hour workday, Plaintiff had the ability to stand and walk for a combined total of two hours, and sit for a total of six hours, with normal breaks (that is, with a 15-minute break in the morning, a 15-minute break in the afternoon, and a 30- to 60-minute break at midday). She had the ability to climb ramps and stairs occasionally, but she was unable to climb ladders, ropes, or scaffolds. She required the use of a cane in order to ambulate and balance, but, with a cane, she was able to balance occasionally and with the upper extremity not holding the cane, she had the ability to perform the lifting, carrying, pushing, and pulling that sedentary work customarily entails. The ALJ found that Plaintiff had the ability to stoop occasionally but was unable to kneel, crouch, or crawl. With her right upper extremity, she had the ability to perform frequent reaching, though she was limited to reaching overhead on an occasional basis. With her right upper extremity, she was able to engage in frequent handling and fingering. Finally, she had to avoid exposure to extreme cold, humidity, atmospheric conditions, unprotected heights, and hazardous machinery. (R. 27.) The ALJ determined that Plaintiff had no past relevant work. (R. 33.) Considering Plaintiff's age, education, work experience, and RFC, the ALJ concluded that there are jobs that exist in

significant numbers in the national economy that Plaintiff can perform. (R. 34.) Thus, the ALJ found that Plaintiff had not been disabled since January 16, 2014, the date that her SSI application was filed.

**DISCUSSION**

*I.    The Applicable Law*

*A.    Judicial Standard of Review of Commissioner's Determination*

The court's review of an appeal of a denial of disability benefits is limited to two inquiries. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). First, the court must determine whether the Commissioner applied the correct legal principles in reaching a decision. 42 U.S.C. § 405(g); *Tejada v. Apfel*, 167 F.3d 770, 773 (2d Cir. 1999). Second, the court must decide whether the Commissioner's decision is supported by substantial evidence in the record. *Id*. So long as they are supported by substantial evidence in the administrative record, the findings of the ALJ after a hearing as to any facts are conclusive. 42 U.S.C. §§ 405(g), 1383(c)(3).

An ALJ's failure to apply the correct legal standard constitutes reversible error if that failure might have affected the disposition of the case. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). This applies to an ALJ's failure to follow an applicable statutory provision, regulation, or Social Security Ruling ("SSR"). *See, e.g.*, *Kohler*, 546 F.3d at 265 (regulation); *Schaal v. Callahan*, 993 F. Supp. 85, 93 (D. Conn. 1997) (SSR). In such a case, the court may remand the matter to the Commissioner under sentence four of 42 U.S.C. § 405(g), especially if deemed necessary to allow the ALJ to develop a full and fair record to explain his or her reasoning. *Crysler v. Astrue*, 563 F. Supp. 2d 418, 429 (N.D.N.Y 2008).

If the reviewing court is satisfied that the ALJ applied correct legal standards, then the court must "conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision." *Brault v. Soc. Sec. Admin. Comm'r*, 683 F.3d 443, 447 (2d Cir. 2012) (*per curiam*) (quoting *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009)). Thus, the court does not determine *de novo* whether a claimant is disabled. *Id.* (citing *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996)). The Supreme Court has defined substantial evidence as requiring "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The substantial evidence standard means once an ALJ finds facts, a reviewing court may reject those facts "only if a reasonable factfinder would have to conclude otherwise." *Brault*, 683 F.3d at 448 (quoting *Warren v. Shalala*, 29 F.3d 1287, 1290 (8th Cir. 1994)) (emphasis omitted).

To be supported by substantial evidence, the ALJ's decision must be based on consideration of "all evidence available in [the claimant]'s case record." 42 U.S.C. §§ 423(d)(5)(B), 1382(a)(3)(H)(i). The Act requires the ALJ to set forth "a discussion of the evidence" and the "reasons upon which [the decision] is based." 42 U.S.C. § 405(b)(1). While the ALJ's decision need not "mention[] every item of testimony presented," *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983) (*per curiam*), or "reconcile explicitly every conflicting shred of medical testimony," *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) (internal quotation marks omitted), the ALJ may not ignore or mischaracterize evidence of a person's alleged disability. *See Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 82-84 (2d Cir.

5

2009) (mischaracterizing evidence); *Kohler*, 546 F.3d at 268-69 (overlooking and mischaracterizing evidence); *Ruiz v. Barnhart*, No. 01-cv-1120 (DC), 2002 WL 826812, at *6 (S.D.N.Y. May 1, 2002) (ignoring evidence); *see also Zabala*, 595 F.3d at 409 (reconsideration of improperly excluded treating physician evidence typically requires remand). Eschewing rote analysis and conclusory explanations, the ALJ must discuss the "the crucial factors in any determination . . . with sufficient specificity to enable the reviewing court to decide whether the determination is supported by substantial evidence." *Calzada v. Astrue*, 753 F. Supp. 2d 250, 269 (S.D.N.Y. 2010) (quoting *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984)). If the decision denying benefits applied the correct legal standards and is based on substantial evidence, the reviewing court must affirm; if not, the court may modify or reverse the decision, with or without remand. 42 U.S.C. § 405(g).

### B. *Legal Principles Applicable to the Commissioner's Disability Determination*

Under the Social Security Act, every individual considered to have a "disability" is entitled to benefits. 42 U.S.C. §§ 423(a)(1), 1382. The Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant's impairments must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether an individual is entitled to receive SSI disability benefits, the Commissioner is required to conduct the following five-step inquiry:

(1) First, determine whether the claimant is currently engaged in any substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i).

(2) Second, if not gainfully engaged in any activity, determine whether the claimant has a "severe impairment" that significantly limits his or her ability to do basic work activities. Under the applicable regulations, an impairment or combination of impairments that significantly limits the claimant's ability to perform basic work activities is considered "severe." 20 C.F.R. § 416.920(a)(4)(ii).

(3) Third, if the claimant has a "severe impairment," determine whether the impairment is one of those listed in Appendix 1 of the regulations – if it is, the Commissioner will presume the claimant to be disabled and the claimant will be eligible for benefits. 20 C.F.R. § 416.920(a)(4)(iii). At this stage, the Commissioner also must determine the claimant's residual functional capacity ("RFC"); that is, her ability to perform physical and mental work activities on a sustained basis despite her impairments.[1] 20 C.F.R. § 416.920(a)(4)(iv).

(4) Fourth, if the claimant does not meet the criteria for being presumed disabled, the Commissioner next must determine whether the claimant possesses the RFC to perform her past work. *Id.*

---

[1] A claimant's residual functional capacity is "the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a); *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010); *see also* S.S.R. 96-9P (clarifying that a claimant's residual functional capacity is his maximum ability to perform full-time work on a regular and continuing basis). The ALJ's assessment of a claimant's residual functional capacity must be based on "all relevant medical and other evidence," including objective medical evidence, such as x-rays and MRIs, the opinions of treating and consultative physicians, and statements by the claimant and others concerning the claimant's impairments, symptoms, physical limitations, and difficulty performing daily activities. *Genier*, 606 F.3d at 49 (citing 20 C.F.R. § 404.1545(a)(3)).

7

(5) Fifth, if the claimant is not capable of performing work she performed in the past, the Commissioner must determine whether the claimant is capable of performing other work. 20 C.F.R. § 416.920(a)(4)(v); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *Gonzalez v. Apfel*, 61 F. Supp. 2d 24, 29 (S.D.N.Y. 1999). The claimant bears the burden at the first four steps. *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013). However at the last step, the Commissioner has the burden of showing that "there is other gainful work in the national economy which the claimant could perform." *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998).

## II. *Application of the Legal Standards to Plaintiff's Claims*

Plaintiff argues, *inter alia*, that the ALJ committed legal error in failing to seek out additional information from one of Plaintiff's treating physicians – Dr. Eric Spencer of Southern Westchester Orthopedics & Sports Medicine – prior to determining that Dr. Spencer's January 20, 2015 opinion should not be afforded controlling weight. Plaintiff additionally contends that the ALJ erred in failing to provide good reasons for assigning little weight to Dr. Spencer's January 2015 opinion. For the reasons set forth below, the Court agrees and, therefore, remands this matter to the Commissioner for further proceedings consistent with this opinion.

### A. *The "Treating Physician Rule"*

Under the applicable regulations in effect at the time Plaintiff filed her claim, an ALJ must give deference to the opinions of a claimant's treating physicians.[2] Specifically, a treating physician's opinion will be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other

---

[2] Although the Commissioner has since eliminated the "treating physician rule," this rule remains applicable to claims filed before March 27, 2017. *Cortese v. Comm'r of Soc. Sec.*, No. 16-cv-4217 (RJS), 2017 WL 4311133, at *3 n.2 (S.D.N.Y. Sept. 27, 2017).

8

substantial evidence in . . . [the] record." 20 C.F.R. § 416.927(c)(2); *see also Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000). The ALJ must give "good reasons" for declining to afford a treating physician's opinion controlling weight. 20 C.F.R. § 416.927(c)(2); *Schisler v. Sullivan*, 3 F.3d 563, 568 (2d Cir. 1993). Before an ALJ can give a treating physician's opinion less than controlling weight, the ALJ must consider various factors to determine the amount of weight the opinion should be given, including: (1) the length of the treatment relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, (3) the medical support for the treating physician's opinion, (4) the consistency of the opinion with the record as a whole, (5) the physician's level of specialization in the area, and (6) other factors that tend to support or contradict the opinion. 20 C.F.R. § 416.927(c)(2); *Schisler*, 3 F.3d at 567. The ALJ must then "comprehensively set forth [his] reasons for the weight assigned to a treating physician's opinion." *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 7 (2d Cir. 2017) (internal quotation marks and citation omitted). The ALJ need not "slavish[ly] recit[e] . . . each and every factor where the ALJ's reasoning and adherence to the regulation are clear." *Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013).

### B. The ALJ's Duty to Develop the Record

Additionally, in Social Security proceedings, the ALJ must affirmatively develop the record on behalf of all claimants. *See Moran,* 569 F.3d at 108, 112. As part of this duty, the ALJ must investigate the facts and develop the arguments both for and against granting benefits. *Id.* Specifically, under the applicable regulations, the ALJ is required to develop a claimant's complete medical history. *Pratts,* 94 F.3d at 34, 37 (citing 20 C.F.R. §§ 404.1512(d)-(f)). The ALJ must develop the record even where the claimant has legal counsel. *Perez v. Chater*, 77 F.3d

9

41, 47 (2d Cir. 1996). Whether the ALJ has met his/her duty to develop the record is a threshold question, and remand is appropriate where this duty is not discharged. *See, e.g., Moran,* 569 F.3d at 114-15 ("We vacate not because the ALJ's decision was not supported by substantial evidence but because the ALJ should have developed a more comprehensive record before making his decision.").

### C. *Analysis of the ALJ's Treatment of Dr. Spencer's January 2015 Opinion*

ALJ Stacchini, in determining that Plaintiff was not disabled under the Act, made the following findings with respect to Dr. Spencer's March 2014 and January 2015 opinions:

> In March of 2014, Dr. Spencer wrote that, although the claimant walked with a limp and exhibited tenderness to palpation, she was nevertheless able to perform a more or less full range of sedentary work. I have given great weight to this opinion, which is consistent with Dr. Spencer's reported clinical findings, with the claimant's reports about her daily activities, and with the relatively conservative nature (and apparent efficacy) of the medical treatment that she has received during the past two years.
>
> In January of 2015, Dr. Spencer stated that the claimant could not sit for more than four hours per workday, and he indicated that she could never lift any object that weighs more than five pounds. In addition, he stated that she could never climb, stoop, push, or pull. This statement has been given little weight. The record as a whole does not suggest that the claimant's physical functioning deteriorated significantly between March of 2014 (when Dr. Spencer stated that the claimant could perform sedentary work) and January of 2015 (when he indicated that she could not do so). Moreover, Dr. Spencer's more recent statement seems to be inconsistent with the opinions of Drs. Schulman and Silverman, and it is inconsistent with a doctor's February, 2015, report that he had encouraged the claimant to return to work.

(R. 32.) (internal citations omitted).

Because Dr. Spencer was one of Plaintiff's treating physicians, the ALJ was to give Dr. Spencer's January 2015 opinion controlling weight if it was "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other

10

substantial evidence in . . . [the] record." 20 C.F.R. § 416.927(c)(2); *see also Shaw*, 221 F.3d at 134. For the reasons set forth below, this Court finds that the ALJ committed legal error in affording little weight to Dr. Spencer's January 2015 opinion (1) without first re-contacting Dr. Spencer for clarification to resolve any perceived conflict between Dr. Spencer's two opinions and (2) without providing good reasons for the weight assigned.

### 1. *The ALJ, in Failing to Re-Contact Dr. Spencer for Clarification, Did Not Satisfy His Duty to Fully Develop the Administrative Record*

On March 28, 2014, Dr. Spencer completed a medical source statement. He stated that Plaintiff's diagnoses included osteoarthritis of the right knee with medial meniscus tear and avascular necrosis of the hip. (R. 543.) Her symptoms included pain in the right knee. (*Id.*) He noted that she walked with a limp, required a cane, and suffered from hip pain while walking. (R. 546.) He opined she could occasionally lift and carry up to ten pounds, stand and/or walk up to two hours per day, and sit up to six hours per day. (*Id.*)

On January 20, 2015, Dr. Spencer completed a second medical source statement. He again stated that Plaintiff's diagnoses included osteoarthritis of the knee with medial meniscus tear and avascular necrosis of the hip. (R. 765.) He opined she could frequently lift up to five pounds, stand and/or walk two hours per day, and sit four hours per day. (*Id.*) She could occasionally bend and balance, but never climb, stoop, crouch, kneel, or crawl. (R. 766.) She could frequently reach and constantly feel or handle. (*Id.*) She could not push or pull. (*Id.*)

The ALJ, in identifying an apparent inconsistency between Dr. Spencer's two opinions concerning the number of hours per day that Plaintiff could sit (*i.e.*, six hours according to the March 2014 statement and four hours according to the January 2015 statement), "triggered an obligation to take further steps to develop evidence that could resolve such an ambiguity." *See*

*Intonato v. Colvin*, No. 13-cv-3426 (JLC), 2014 WL 3893288, at *12 (S.D.N.Y. Aug. 7, 2014) (internal citation and quotation marks omitted). "When an ALJ perceives inconsistencies in a treating physician's report, the ALJ bears an affirmative duty to seek out more information from the treating physician and to develop the administrative record accordingly . . . by making every reasonable effort to re-contact the treating source for clarification of the reasoning of the opinion." *Id.* (internal citations and quotations marks omitted). If asked, Dr. Spencer might have been able to provide a medical explanation and/or clinical findings supporting his January 2015 conclusion that Plaintiff could sit for only four hours in a workday. *See Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998). The ALJ's failure to re-contact Dr. Spencer in an attempt to obtain any such information constitutes a failure to fully develop the administrative record. *See Rosa*, 168 F.3d at 79 ("[A]n ALJ cannot reject a treating physician's diagnosis without first attempting to fill any clear gaps in the administrative record.")

Moreover, the ALJ's error in failing to re-contact Dr. Spencer for clarification was not harmless. Vocational expert Roxanne Mineau testified during Plaintiff's hearing that Plaintiff would be precluded from performing all work if she were limited to sitting for four hours in an eight-hour workday. (R. 75.) Because Dr. Spencer opined in his January 2015 statement that Plaintiff was, in fact, limited to sitting for four hours per day, the weight assigned to that opinion is a critical issue in Plaintiff's case. Accordingly, the ALJ's failure to fully develop the record prior to discrediting Dr. Spencer's January 2015 opinion constitutes error necessitating remand.

### 2. The ALJ Failed to Provide Good Reasons for Assigning Little Weight to Dr. Spencer's January 2015 Opinion

As explained above, before an ALJ can give a treating physician's opinion less than controlling weight, the ALJ must consider various factors to determine the amount of weight the opinion should be given, including: (1) the length of the treatment relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, (3) the medical support for the treating physician's opinion, (4) the consistency of the opinion with the record as a whole, (5) the physician's level of specialization in the area, and (6) other factors that tend to support or contradict the opinion.  20 C.F.R. § 416.927(c)(2); *Schisler*, 3 F.3d at 567.  Here, in assigning little weight to Dr. Spencer's January 2015 opinion, the ALJ indicated his belief that the opinion was inconsistent with those of Drs. Schulman and Silverman as well as Dr. Shah's report that he had encouraged Plaintiff to return to work.  (*See* R. 32.)

The Court disagrees.  With respect to Dr. Ronald Silverman's opinion, the Court first notes that Dr. Silverman assessed Plaintiff on May 6, 2013, prior to the date on which Plaintiff filed her SSI application – January 16, 2014.  Accordingly, Dr. Silverman's report has no bearing on whether Plaintiff was disabled during the relevant time period, particularly if there is a possibility that Plaintiff's condition worsened over time.  Further, Dr. Silverman conducted only a neurological examination of Plaintiff and found "no disability from the neurologic point of view."  (R. 802-05.)  Such a finding is not inconsistent with Dr. Spencer's 2015 opinion that Plaintiff, among other things, could sit for only four hours per workday.

With regard to Dr. Lawrence Schulman's opinions, this Court notes that Dr. Schulman, in his report following a March 31, 2014 evaluation of Plaintiff, opined as follows: "She cannot do prolonged standing or walking nor can she do repetitive lifting, pushing, pulling or reaching.

She can only do minimal sedentary work a day." (R. 857.) Dr. Schulman made similar findings regarding Plaintiff's inability to engage in prolonged standing, walking, or lifting following his March 16, 2015 evaluation. (R. 845.) Following a November 16, 2015 evaluation of Plaintiff, Dr. Schulman opined that Plaintiff "can only do sedentary work at this point in time." (R. 825.) The ALJ did not explain which portion(s) of Dr. Schulman's reports appeared inconsistent with Dr. Spencer's January 2015 opinion. To the extent the ALJ believed that Dr. Schulman's opinion concerning Plaintiff's ability to perform sedentary work conflicted with Dr. Spencer's 2015 opinion, the Court points out that Dr. Schulman did not specify whether Plaintiff could perform sedentary work on a regular and continuing basis. Dr. Schulman's opinions simply are not inconsistent with Dr. Spencer's 2015 opinion regarding Plaintiff's ability to sit.

Finally, the ALJ cites Dr. Binod Shah's February 2015 report, in which Dr. Shah wrote, "I encouraged [Plaintiff] to return to her work" (R. 772), as inconsistent with Dr. Spencer's 2015 opinion. Dr. Shah, in the same report, indicated his belief that Plaintiff had a "temp[orary] total" disability. (*Id.*) For that precise reason, the ALJ had assigned little weight to Dr. Shah's opinion:

> [I]n February and March of 2015, even as he stated that the claimant was temporarily totally disabled, Dr. Shah reported that he had encouraged her to return to work. Accordingly, I have given little weight to Dr. Shah's opinion.

(R. 32.) The ALJ nonetheless appears to credit Dr. Shah's report – which does not indicate the type of work Dr. Shah believed Plaintiff could perform – in stating that the report is inconsistent with Dr. Spencer's January 2015 opinion so as to justify giving Dr. Spencer's 2015 opinion little weight. In addition to characterizing as "inconsistent" reports that are not in conflict with Dr. Spencer's 2015 opinion, the ALJ did not address such factors as the length of the treatment

14

relationship and frequency of examination or the physician's level of specialization in determining what weight to give Dr. Spencer's 2015 opinion. It is difficult to imagine that these factors would have favored a finding of "little weight" when the ALJ afforded "great weight" to Dr. Spencer's March 2014 opinion. "Failure to provide 'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand." *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (citing *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998)).[3]

## CONCLUSION

For the foregoing reasons, the Commissioner's motion is DENIED and Plaintiff's motion is GRANTED insofar as this case is remanded for further proceedings. The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

Dated: February 4, 2019
New York, New York

*Katharine H. Parker*

KATHARINE H. PARKER
United States Magistrate Judge

---

[3] Because the Court remands this decision to the Commissioner to develop the record fully and hold further proceedings, the Court need not address Plaintiff's remaining arguments that the ALJ improperly declined to adopt the entirety of Dr. Schulman's opinion and improperly discredited Plaintiff's subjective allegations of pain.